1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   ANTHONY MCCOY,                    CASE NO. 1:08-cv-00247-AWI-SKO PC

10             Plaintiff,         ORDER TO SHOW CAUSE WHY ACTION
                                         SHOULD NOT BE DISMISSED PURSUANT

11       v.                           TO RULE 4(M)

12   COUNTY OF FRESNO, et al.,        (Doc. 14)

13            Defendants.

14   _____/

15       Plaintiff Anthony McCoy, a state prisoner proceeding pro se and in forma pauperis, filed this

16 civil rights action pursuant to 42 U.S.C. § 1983 on February 20, 2008.  This action is proceeding

17 against Defendant Nichols[1] for failing to protect Plaintiff, in violation of the Due Process Clause or

18 the Eighth Amendment of the United States Constitution.[2]  (Doc. 10.)

19       The United States Marshals Service (USM) was ordered to initiate service of the summons

20 and amended complaint on February 10, 2011.  (Doc. 12.)  On June 22, 2011, the USM returned the

21 USM-285 form un-executed with a memorandum from the Fresno County Sheriff's Office stating

22 that Defendant Tim Nichols is deceased.  (Doc. 14.)

23       Rule 4(m) provides:

24       [i]f a defendant is not served within 120 days after the complaint is filed, the court -
           on motion or on its own after notice to the plaintiff - must dismiss the action without

25       prejudice against that defendant or order that service be made within a specified time.
           But if the plaintiff shows good cause for the failure, the court must extend the time

26

27       [1] Defendant is identified as Nicholes in the complaint.

28       [2] It is unclear if Plaintiff was a pretrial detainee at the time.

1   for service for an appropriate period.

2   Fed. R. Civ. P. 4(m).

3   In cases involving a plaintiff proceeding in forma pauperis, the USM, upon order of the

4   Court, shall serve the summons and the complaint.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

5   "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S.

6   Marshal for service of the summons and complaint and . . . should not be penalized by having his

7   action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to

8   perform his duties.'"  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v.

9   Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515

10  U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the

11  defendant, the marshal's failure to effect service is 'automatically good cause. . . .'"  Walker, 14 F.3d

12  at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)).  However, where a pro

13  se plaintiff fails to provide the USM with accurate and sufficient information to effect service of the

14  summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate.

15  Walker, 14 F.3d at 1421-22.

16  Defendant Nichols is deceased.  Based on this information, dismissal of the action may be

17  necessary.  Plaintiff shall be provided with an opportunity to show cause why the action should not

18  be dismissed.  Fed. R. Civ. P. 4(m).

19  Accordingly, based on the foregoing, it is HEREBY ORDERED that:

20  1.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall show

21       cause why this action should not be dismissed; and

22  2.   The failure to respond to this order or the failure to show cause will result in the

23       dismissal of this action.

24

25  IT IS SO ORDERED.

26  **Dated:   June 23, 2011**                    **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE

27

28

2