# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MCCOY,<br><br>          Plaintiff,<br><br>     v.<br><br>COUNTY OF FRESNO, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:08-cv-00247-AWI-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE SHERIFF OR JAIL SUPERVISORS FOR DEFENDANT NICHOLS, AND GRANTING PLAINTIFF A THIRTY-DAY EXTENSION OF TIME TO FILE A SUPPLEMENTAL RESPONSE TO THE ORDER TO SHOW CAUSE<br><br>(Docs. 15 and 16) |

   Plaintiff Anthony McCoy, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 20, 2008.  This action is proceeding on Plaintiff's amended complaint, filed on September 21, 2009, against Defendant Nichols for failing to protect Plaintiff, in violation of the Due Process Clause or the Eighth Amendment.[1]

   On June 23, 2011, the Court ordered Plaintiff to show cause why this action should not be dismissed pursuant to Rule 4(m), in light of the United States Marshal's inability to serve Defendant Nichols due to his death.[2]  Fed. R. Civ. P. 4(m).  On July 11, 2011, Plaintiff filed a response in which

---

[1] Plaintiff's claim arises from events at the Fresno County Jail, and it is not clear whether Plaintiff was a pretrial detainee or a convicted prisoner at the time.

[2] Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

1

he states that he believes the sheriff or jail supervisors should be substituted for Defendant Nichols. Plaintiff also seeks a thirty-day extension of time to conduct further research.

Under section 1983, Plaintiff must demonstrate that each named defendant *personally* participated in the deprivation of his rights. Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235. In this case, Defendant Nichols is the sole defendant and other personnel may not be substituted as defendants, because Plaintiff's claim is necessarily premised on Defendant Nichols' personal involvement in the violation of his constitutional rights.

The Court will grant Plaintiff's request for an extension of time. Plaintiff has thirty days from the date of service of this order to conduct further research and file a supplemental response to the order to show cause issued on June 23, 2011.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to substitute the sheriff or jail supervisors for Defendant Nichols is DENIED;

2. Plaintiff's motion for an extension of time is GRANTED; and

3. Plaintiff has **thirty (30) days** from the date of service of this order to file a supplemental response to the order to show cause.

IT IS SO ORDERED.

**Dated:   July 26, 2011**                    /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE