# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MCCOY, | CASE NO. 1:08-cv-00247-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO TIMELY EFFECT SERVICE |
| v. | |
| COUNTY OF FRESNO, et al., | |
| | (Docs. 14, 15, and 17) |
| Defendants. | |
| | THIRTY-DAY OBJECTION PERIOD |
| _____ / | |

Plaintiff Anthony McCoy, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 20, 2008. This action is proceeding against Defendant Nichols[1] for failing to protect Plaintiff, in violation of the Due Process Clause or the Eighth Amendment of the United States Constitution.[2] The United States Marshals Service (USM) was ordered to initiate service of the summons and complaint on February 10, 2011. On June 22, 2011, the USM returned the USM-285 form un-executed with a memorandum from the Fresno County Sheriff's Office stating that Officer Nichols is deceased.

Rule 4(m) provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

---

[1] Identified as Nicholes in the complaint.

[2] It is unclear if Plaintiff was a pretrial detainee at the time.

1

In cases involving a plaintiff proceeding in forma pauperis, the USM, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause. . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the USM with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

Defendant Nichols is deceased and based on that information, the Court ordered Plaintiff to show cause why this action should not be dismissed. Fed. R. Civ. P. 4(m). Plaintiff's initial response was not sufficient, and the Court denied his motion to substitute the sheriff or jail supervisors for Defendant Nichols and granted him an additional thirty days to file a supplemental response. More than thirty days have passed and Plaintiff has not filed a response. Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to timely effect service. Fed. R. Civ. P. 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///

///

///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 17, 2011**                             /s/ Sheila K. Oberto
                                                                              UNITED STATES MAGISTRATE JUDGE